## ALFRED BOOTH

*v.*

## CHARLES STORRS *et al.*

1. SURETY — *when released — fraud by creditor.* If, with the knowledge or assent of the creditor, any material part of the transaction between the creditor and his debtor is misrepresented to the surety, the misrepresentation being such that but for the same having taken place, either the suretyship would not have been entered into at all, or being entered into, the extent of the surety's liability might thereby be increased, the security so given is void at law, on the ground of fraud.

2. SAME — *not released by fraud of his principal unknown to the creditor.* The creditor is not responsible for communication or want of communication between the debtor and his surety, unless he has himself been guilty of some fraudulent practices. The fact that the surety may be assured by the debtor that the note indorsed by the latter would be taken in full satisfaction of the creditor's claim, when, in fact, such was not the case, but the debtor was to give his own note for the balance due, will not release the surety so indorsing, unless the creditor had knowledge of the fraud so practiced on the surety.

3. But if the creditor had represented to the surety that he was compromising with his debtor by taking his note for one-half the sum due, with the surety as indorser, and by a secret arrangement not communicated to the latter, did any thing which increased his liability, or which, if known, the suretyship would not have been entered into, then the security taken would be void on the ground of fraud attributable to the creditor.

4. SAME — *creditor not bound to disclose facts to surety when not asked for information.* Where a creditor receives from his debtor the promissory note of the latter, payable to a third party, who indorses the same as surety, in part

payment of his claim, and the debtor's individual obligation for the balance, without any knowledge of the representations which induced the surety to indorse, he is not bound to disclose the fact that he has taken the debtor's individual obligation for the balance of his debt, to the surety, unless applied to by him for information.

APPEAL from the Superior Court of Cook county; the Hon. C. S. ZANE, Judge, presiding.

This was an action of assumpsit, brought by Charles Storrs and Augustus Storrs against Alfred Booth, upon the indorsement of a promissory note. The note was made by Mason, Barnum & Co., dated May 13, 1872, whereby the makers promised to pay Henry Booth, or order, the sum of $176.60, at the Manufacturers' National Bank of Chicago, nine months after the date thereof, with interest at seven per cent per annum. Henry Booth indorsed the same to the plaintiffs. The declaration alleged the insolvency of the makers at the maturity of the note. The defendant filed two special pleas, alleging that he was induced to indorse the note as surety for the makers, setting up the facts substantially as stated in the opinion of the court, except that it was alleged that the plaintiffs had assented to the composition, etc.

A trial was had, resulting in a judgment for the plaintiffs, from which the defendant appealed.

Mr. D. J. SCHUYLER, for the appellant.

Mr. GEORGE L. PADDOCK, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The history of the note on which this action was brought is this: In 1869 the firm of C. A. & C. H. Barnum & Co. were indebted to plaintiffs, a mercantile firm in the city of New York. That firm having failed, a new firm was formed, composed of three of its members, under the name of Barnum, Mason & Co. The latter firm undertook to effect a compro-

mise of the debts of the old firm.  A written agreement was entered into between most of the creditors and the old firm, in view of their insolvency, and in consideration that Barnum, Mason & Co. would make their promissory notes for fifty per cent of the amount, and that defendant would indorse them, the creditors would accept them in full satisfaction of their respective claims and release the firm from any further liability.

Plaintiffs never signed this agreement.  They refused to make any compromise of their claim, but insisted on payment in full.  Their attorney in Chicago had commenced suit on it, which was then pending.  An arrangement was, however, effected, by which plaintiffs agreed to take the note of Barnum, Mason & Co. for fifty per cent of their claim, with defendant as indorser, and the firm notes, without security, for the balance, which was accordingly done.  The defense sought to be made is, the taking of the notes of Barnum, Mason & Co. for the balance of their claim, without notice to defendant, was such a fraud upon him as would release him from all liability as surety or indorser on the notes given for 50 per cent of plaintiffs' claim.

The fallacy in the argument for the defendant lies in the assumption plaintiffs assented to the composition of the debts of Barnum &.Co.  Had they been parties to the arrangement, and concealed any thing that would have enlarged the liability of defendant, or had it been disclosed the suretyship would not have been undertaken, the case would, perhaps, be within the principle of the authorities cited.  But such is not the case. They distinctly refused to go into any arrangement.  Defendant had the composition agreement, but does not remember the names of plaintiffs on it.  No doubt he understood when he indorsed the notes they were to be taken in full satisfaction of plaintiffs' claim.  But this belief was not induced by them, nor by any thing they did or said.  If any fraud was practiced on defendant, it was by C. A. Barnum, who seems to have transacted the business on the part of Barnum, Mason & Co., and to whom the notes were intrusted to be delivered to plaintiffs

But plaintiffs could not be affected by any misconduct between the makers of the notes, not participated in by them. The rule of law on this subject is plain, and has its foundation in reason and justice: The payee, or indorsee, of negotiable paper takes it free from any conflicting equities between the makers, or obligees, of which he had no notice. Any other rule would hamper the circulation of such paper, confine it within narrow limits, and render it useless as a medium of exchange in commercial transactions. The inquiry may well be made, what material fact did plaintiffs conceal from defendant they were under any obligations to disclose? Barnum, Mason & Co. proposed to settle plaintiffs' claim, by giving their notes for one-half the amount, with defendant as indorser, and their own notes, without security, for the balance, which proposition was accepted. This was the whole of the transaction.

It is insisted, defendant was induced to indorse the notes by fraud. No positive act is alleged, but it is said to consist in the fact, plaintiffs did not communicate to defendant information that, in addition to the notes indorsed by him, they were at the same time taking Barnum, Mason & Co.'s notes for the balance, without security. We know of no rule of law that obtains, in commercial transactions, or elsewhere, that made it obligatory upon them to do so. Defendant resided in Chicago, where Barnum & Co. had been doing business, and plaintiffs resided in New York. This paper was taken in the usual course of business, and the creditors had the right to suppose the surety, or indorser, offered was informed of all the facts. No information was solicited, nor was there any thing in the relation of the parties, or the nature of the transaction, that made it the duty of plaintiffs to disclose *minutiæ* of an ordinary business arrangement. Undoubtedly, the law is, had defendant applied for information, it would have been the duty of plaintiffs to make a candid statement; and had they concealed any fact material to the risk to be assumed, it would have been a fraud on the surety that would have relieved him from liability.

The law on this subject has been as accurately stated in *Stone* v. *Compton,* 5 Bing. N. C. 142, as in any case to which our attention has been directed. The cases of *Pidcock* v. *Bishop,* 3 Barn. and Cress. 605, and *Jackson* v. *Ducharrie,* 3 T. R. 551, upon which defendant relies, had been cited, and in reference to which Tindal, C. J., said: "Now the principle to be drawn from the cases to which reference has been made in the course of the argument is this, that if, with the knowledge or assent of the creditor, any material part of the transaction between the creditor and his debtor is misrepresented to the surety, the misrepresentation being such that but for the same having taken place, either the suretyship would not have been entered into at all, or, being entered into, the extent of the surety's liability might be thereby increased, the surety so given is void at law, on the ground of fraud."

The doctrine of this case has been adopted in many well considered cases in this country. *Selser* v. *Brock,* 3 Ohio St. 302; *Franklin Bank* v. *Cooper,* 36 Maine, 179; *Ham* v. *Greve et al.* 34 Ind. 18; *Graves* v. *Tucker,* 10 Smedes and Mar. 9.

The rule declared is just. It accords with our sense of right, the creditor should not be responsible for communication, or want of communication, between the debtor and his surety, unless he has himself been guilty of some fraudulent practices. In this case, defendant may have been assured by Barnum, Mason & Co., the notes would be taken by their creditors in full satisfaction of their claims; but they had no notice their debtors had made any such representation to their surety, and could not be bound. It was a matter of private arrangement between the debtors and their surety, of which the creditor had no knowledge. Had plaintiffs represented they were compromising their claim, and, by a secret arrangement, not communicated to the surety, did any thing that increased his liability, or, had it been known, the suretyship would not have been entered into, the law is settled, as we have seen, the security taken would be void, on the ground of fraud attributable to

the creditors.  But there is not a particle of evidence that tends to show plaintiffs have been guilty of any fraud, either actual or constructive.  They had no information the law made it their duty to disclose.  If defendant has been misled to his injury, it is by the acts of Barnum, Mason & Co., for whose conduct plaintiffs are in no way responsible.  The judgment will be affirmed.

*Judgment affirmed.*