C. B. HAWORTH, Appellee, v. W. B. CROSBY AND J. B. HENSHAW, Appellants.

**Principal and Surety:** FRAUD IN SECURING SIGNATURE OF SURETY: DEFENSE. Where a surety signs the note of the principal on the representation that its proceeds are to be applied to the purchase of specific property, when he intends and in fact uses the same in payment of an antecedent debt, the surety may defend a suit on the note on the ground of fraud, and it is error to strike from the answer allegations of fraud.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, MAY 23, 1903.

ACTION upon a promissory note. Judgment for the plaintiff, and the defendant J. B. Henshaw appeals.—*Reversed.*

*Myerly & Myerly* for appellant.

*Howe & Miller* for appellee.

WEAVER, J.—The defendant Henshaw signed the note in suit as surety. His answer alleged that his signature to such instrument was procured by fraud, in which the principal debtor and plaintiff participated; that by means of such fraud he was induced to believe, and did believe, that plaintiff was lending money to Crosby, who was to use the same in the purchase of certain shares of stock in a corporation in which appellant or appellant's wife was interested; that in truth Crosby did not intend to purchase said stock with the money so procured, but was already the owner thereof, and that said note, or the proceeds thereof, were intended to be, and were in fact, used in

part in paying a debt already due and owing from Crosby to the plaintiff. Plaintiff assailed this answer by motion to strike therefrom all the allegations therein contained except the averment that appellant executed the note as surety, and the demand that the collateral security and the property of the principal defendant be first exhausted before resorting to appellant's property for the payment of the debt. The motion was sustained, and the correctness of this ruling is the only question for our consideration.

I. The one ground of the motion to strike is that the matter pleaded is irrelevant and redundant, in that it fails to aver or show that the surety has suffered, or will suffer, any prejudice or damage as the result of the alleged fraud practiced upon him. The motion should not have been sustained. If any allegation of prejudice is needed, we think the matter stricken from the answer is broad enough to meet that requirement. It alleges that, in order to obtain his signature to the note, he was led to believe that the money so procured by Crosby was to be invested in the purchase of certain property of an apparent value in excess of the debt represented by the note, but that in truth such money or a substantial part of it was intended to be used and was used to pay an old debt from Crosby to the plaintiff. A person may be willing to become surety for another in the purchase of property representing value equal to or exceeding the obligation thus assumed, and yet very reasonably refuse to become the same man's surety for money with which to pay an antecedent debt. In the one case the surety is to some extent protected from ultimate loss by the fact that his principal becomes the owner of additional property which may be applied to the payment of the obligation, while in the other no such benefit or advantage results, and the surety is to that extent prejudiced.

But assuming that no prejudice is alleged, appellant still had the right to attach such conditions as he saw fit

to his consent to become Crosby's surety, and to insist upon knowing to what use the money obtained was to be applied; and if, by collusion between Crosby and plaintiff, he was induced to believe it was to be invested in a certain item of property, when such was not the true intent, and the money was not in fact so applied, it is a fraud upon him, and he may plead it in defense to an action upon the note. *Crossley v. Stanley*, 112 Iowa, 24. The case of *Ham v. Greve*, 34 Ind. 18, is also directly in point. There the surety was induced to sign a note by the representation of the payee that it was to be used in payment for goods, when in fact it was really used to pay a pre-existing debt, and the court held the surety was not bound. A similar holding may be found in *Trammell v. Swan*, 25 Tex. 473. Under the doctrine of the authorities cited, which seems to be entirely just, it was error to strike the allegations of fraud from the answer. This conclusion renders it unnecessary for us to pass upon the other question of pleading and practice argued by counsel.

The judgment of the district court is reversed, and cause remanded for further proceedings in harmony with this opinion.—REVERSED.