[No. 1362.    September 1, 1911.]

R. E. PUTNEY, Appellant, v. FRANZ SCHMIDT and C. H. STORY, as Individuals, and also as Partners doing business under the firm name and style of Schmidt and Storey, and SCHMIDT & STORY, a Co-Partnership, Appellees.

### SYLLABUS.

1.   Where there appears to be sufficient evidence to support the finding of facts in the lower court, it will not be disturbed.

2.   Appellant's representative having undertaken to give the proposed sureties information in regard to Broyles' financial condition, he should have disclosed all the facts and circumstances, affecting the risk, within his knowledge.

3.   Where a party received something of value under a contract, if he seeks to rescind the same upon the ground of fraud, he must immediately, upon discovering the fraud, restore, or offer to restore, all that he has received under the contract, as a condition precedent to his right to rescind the same.

4.   Where a party received nothing under the contract, acted merely as trustee for another, the contract, remaining wholly executory as to the party claiming fraud, there was nothing which he could return and he had a right to await suit upon the contract and then set up fraud as a defense.

5.   Where an affirmance is relied upon, it should appear that the party having a right to complain of the fraud had freely and with full knowledge of his rights, in some form, clearly manifested his intention to abide by the contract and waive any remedy he might have for the deception.

6.   A new trial will not be granted merely on the ground that the judge received improper testimony on the trial of the issue, or that he rejected that which was proper, if on the whole facts and circumstances the court is satisfied that justice has been done or that the result ought not to have been different, if such testimony had been rejected in the one case or received in the other.

7. The proper practice requires the submission only of such issues to the jury as would determine the ultimate or constitutive facts.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Affirmed.

T. B. CATRON for Appellant.

A party to a contract who has opportunity to obtain knowledge with reference to representations and facts connected with the contract equal with that possessed by the other party, cannot claim immunity from the obligations of the contract if he did not avail himself of his opportunity and acquire the knowledge of facts constituting fraud or concealment which he could have readily obtained had he sought to do so. Slaughter v. Gerson, 13 Wall. 383; Grimes v. Sanders, 93 U. S. 61; Farnsworth v Duffer, 143 U. S. 47; Farriar v. Churchill, 135 U. S. 615; Shipperio v. Goldberg, 192 U. S. 214; So. Dev. Co. v. Silva, 125 U. S. 247; City National Bank v. Hickox, 5 N. M. 32; The Metano, 57 Fed. 880; Bement v. Ledoux, 66 Fed. 188; Cobb v. Wright, 42 Minn. 85; Long v. Warrin, 68 N. Y. 482; Lake v. Tyree, 90 Va. 724; Burk v. Johnson, 146 Fed. 262; Brown v. Smith, 109 Fed. 31; Moore v. Howe, 115 Iowa 64; Garrison v. Tech. Wks., 59 N. J. Eq. 444; Luddington v. Rennick, 7 W. Va. 273; 2 Pom. Eq. Jur., sec. 892; Bartlett v. Stanton, 2 Ala. 181; McDonald v. Trafton, 15 Me. 225; Judge Cooley on Torts, 2 ed. 570; 31 Cyc. 1189; Maxwell Land Grant Case, 121 U. S. 281; Rockfellow v. Baker, 41 Pa. St. 321; Brown v. Beech, 109 Mass 360; Hibbs v. Parker, 31 Me. 152; Schwabacker v. Riddell, 99 Ill. 346; Collins v. Jackson, 54 Mich. 192; Lalone v. U. S., 164 U. S. 265; Vensalor v. Seaberger, 35 Ill. App. 598; Martin v. Hartwell, 115 Ga. 156; Castenhouse v. Keller, 82 Wis. 30; Nash v. Mill Q. I. & T. Co., 159 Mass. 437; Meek v. State, 117 Ala. 116; Hubbard v. Long, 105 Mich. 442; Johnson v. Bemey, 9 Ill. App. 64; Hellier v. Dickerson. 154 Mass. 504; Stum v. Griffith, 97 Fed. 855; Morrill

v. Florida, 60 Fed. 19; Leicester v. Front Royal Co., 55 Fed. 119; Paige on Contracts, secs. 119, 120; Stran v. Griffith, 97 Fed. 854; Merrill v. Improvement Co., 60 Fed. 17; Leicester Co. v. Improvement Co., 55 Fed. 190; Stewart v. Lansing, 104 U. S. 505.

A party desiring to rescind a contract on the ground of fraud must, upon the discovery of the fact,. announce his purpose at once and adhere to it. Grimes v. Sanders, 93 U. S. 62; Bach v. Truch, 126 N. Y. 53; Pom. Eq. Jur., sec. 897; Story Eq. Jur., sec. 1551; Bement v. Ladelle, 66 Fed. 193; Mining Co. v. Waterous, 61 Fed. 186; Sceftell v. Hayes, 58 Fed. 457; Pense v. Langdon, 99 U. S. 579; Rugal v. Sabine, 63 Fed. 415; Johnson v. Mining Co., 148 U. S. 370; Schapperio v. Goldberg, 192 U. S. 242; Richardson v. Low, 149 Fed. 625; Clanwell v. Ashfert, 99 Va. 651-2; Tolette v. Brown, 188 Ill. 253-4; Hauck v. Jordanson, 127 Ill. App. 205; Hurt v. Blanton, 89 Ind. 39; Sieveking v. Litzer, 31 Ind. 13; Traver v. Garvis, 33 W. Va. 100; Stockton v. Adams, 96 Ill. App. 161; Simon v. Goodyear Shoe Co., 105 Fed. 667; Burns v. Burns, 137 Fed. 800; Vandervelden v. Railway Co., 61 Fed. 60-61; Mortimer v. McMillen, 202 Ill. 412; Cassett v. Salazar, 43 N. W. 145; Burk v. Johnson, 146 Fed. 211; Schroder v. Welch, 143 Ill. 403; Mellier v. Dickinson, 154 Mass. 503; Watson v. Castell, 68 Ind. 476; Krutz v. Craig, 63 Ind. 561; Moon v. Baum, 58 Ind. 194; Deford v. Erbine, 48 Ind. 221; Meadows v. Brady, 92 Va. 78-90; Tramwell v. Ashfort, 99 Va. 651; 2 Addison on Cont. 772; Tracy Spec. Perf., sec. 7031; Wheeler v. McNeil, 101 Fed. 38; Kinne v. Webb, 54 Fed. 38; McLain v. Clapp, 141 U. S. 429; The Ernest M. Munn, 66 Fed. 357; Freyfogle v. Wash, 80 Fed. 177.

Wilfull misrepresentation. Robbins v. Barton, 50 Kas. 126; Rope v. Sangamon Lodge, 91 Ill. 519; Ham v. Greeves et al., 34 Ind. 19.

A person may testify to anything as a fact which necessarily must be made up of a different number of items. DeWolf v. Williams, 69 N. Y. 622; Nelson v. Iverson, 24 Ala. 9; Chicago & S. P. Co. v. Gilbert, 52 Fed. 711; Mercy

v. Obering, 107 Iowa 547; Wolfe v. Underwood, 97 Ala. 375; Rocke v. Meiner, 2 Jones & S. 158.

Where fraud is alleged the facts which are made the basis of the wrong should be proved as stated.   Collins v. Jackson, 54 Mich. 190.

Marron & Wood and Holt & Sutherland for Appellees.

The court will not disturb findings of fact of a court or jury where there is sufficient evidence to support such findings.   Ortiz v. Bank, 12 N. M. 519; Candelaria v. Miera, 13 N. M. 360; Territory v. Sais, 15 N. M. 171; Hancock v. Beasley, 14 N. M. 239.

Caveat Emptor.   Grimes v. Sanders, 93 U. S. 61; Farnsworth v. Dufner, 142 U. S. 47; Farrer v. Churchill, 135 U. S. 69; Southern Development Co. v. Silver, 125 U. S. 247; Shappirio v. Goldberg, 192 U. S. 232; Meade v. Bunn, 32 N. Y. 275; Eaton v. Winnie, 20 Mich. 156; Pennsylvania R. R. Co. v. Ogier, 35 Pa. St. 72; Gordon v. Grand St. R. R. Co., 40 Barb. 550; Ernst v. Hudson River R. R. Co., 35 N. Y. 28; Strand v. Griffith, 97 Fed. 856; 9 Cyc. 429; 20 Cyc. 49, 77; Ensley v. Johns, 120 Ill. 469; Schwabacker v. Riddle, 99 Ill. 343; Bigelow on Frauds, sec. 67; Hingston v. Smith, 144 Fed. 294; Daly v. Bernstein, 6 N. M. 380; Paige on Contracts, secs, 119, 121, 159; McGee v. Manhattan Life Co., 92 U. S. 93; Griswold v. Hazard, 141 U. S. 260; 1 Story Eq. Jur., secs. 234, 215; Franklin Bank v. Cooper, 36 Me. 180; Smith v. Bank of Scotland, 1 Dow. 272; Railton v. Matthews, 10 Clark & F. 934; Small v. Currie, 2 Drew. 102; Phillips v. Foxall, L. R., 7 Q. B., 666; Davis v. London Ins. Co., 8 Ch. Div. 469; Daniel on Negotiable Instruments, 4 ed., sec. 1309; Owen v. Homan, 3 MacN. & G. 378; Cashin v. Perth, 7 Grants Ch. 340; Blest v. Brown, 4 DeG. & J. 367; Remington Machine Co. v. Kezertee, 49 Wis. 409; Franklin Bank v. Cooper, 36 Me. 179; Warren v. Branch, 15 W. Va. 21; Harrison v. Lumbermen, etc. Co., 8 Mo. App. 37; Pom. Eq. Jur., sec. 901; 9 Cyc. 413; Stewart v. Wyoming, 128 U. S. 383.

Notice of recission.   Bennett v. LaDow, 66 Fed. 193;

Shappirio v. Goldberg, 192 U. S. 242; Pom. Eq. Jur. 897, sec. 401; Story's Eq Jur. 1551, secs. 137, 817; Richardson v. Lowe, 149 Fed. 625; Kingsman v. Stoddard, 85 Fed. 750; Bernett v. Smith, 4 Gray 50; Cooley on Torts 505; Joyce on Defenses to Commercial Paper, sec. 116.

Contract of surety may be avoided if principal induced sureties to sign by fraud. Ward v. Branch, 15 W. Va. 21; Paige on Contracts, sec. 161; Pom. Eq. Jur., sec. 909.

In equity cases the court may in its discretion, accept or reject the findings of the jury and decide the cause on its own view of the evidence. Bernett v. Montgomery etc. R. Co., 51 Ala. 557; Newlock v. Newlock, 1 Edw. Ch. 14; Harrison v. Rowan, 4 Wash. 32, U. S.; 11 Enc. P. & P. 728; Post v. Mason, 91 N. Y. 539..

Special verdicts should find the ultimate or constitutive facts. Thompson on Trials, sec. 2652; Cresman v. Murray, 64 S. W. 711, Tenn.; 3 Daniel's Chancery Pr., 5 ed. 2254; Puterbaugh's P. & P. 607; Bean v. Herrick, 12 Me. 262; Kelly v. Perrault, 48 Pac. 45.

## STATEMENT OF FACTS.

This action was begun by the appellant to foreclose a chattel mortgage, executed by the appellees, to secure the payment of a promissory note made by Jaspar N. Broyles, the appellees, Schmidt and Story, and H. Newman and Charles Lewis, the plaintiff; the last four parties mentioned being sureties for Broyles. Schmidt and Story, the appellees, were the only parties made defendants, and judgment on the note was asked. The defendants answered generally, admitting the execution and delivery of the note and mortgage, and that the same was unpaid, but set up as an affirmative defense that they were executed by the defendants as sureties for Broyles, the principal debtor, and that defendants were induced to execute them by false and fraudulent representations as to the financial condition of Broyles, made by the agents and attorneys of the plaintiff, and also that the plaintiff and his agents and attorneys falsely and fraudulently concealed Broyles' true financial condition from the appellees. The same allegations were

repeated in substance by the way of cross-complaint and appellees asked an affirmative judgment; that the note and mortgage of the plaintiff be declared fraudulent and void as to the appellees and be surrendered up for cancellation and discharge. To the answer and cross-complaint the plaintiff replied, putting in issue generally the allegations of fraud and also alleging laches on the part of the appellees in failing to disaffirm the note and mortgage on discovery of fraud.

The cause being at issue, the appellees moved the court below to state and settle issue of fact for submission to a jury upon the allegations of fraud contained in the pleadings. The motion was granted and the court stated the following issues for submission to the jury: 1st. "Were the defendants induced to execute the note and mortgage in suit, by false and fraudulent statements concerning the financial condition of Jaspar N. Broyles, made to them for that purpose by the plaintiff's agents or representatives? 2nd. Did the plaintiff's agents or representatives fraudulently conceal the real financial condition of Broyles from the defendants for the purpose of inducing them to execute mortgage and note? 3rd. Did the defendants execute the mortgage and note believing and relying on the statements, if any, made by plaintiff's agents, and in ignorance of Broyles' real financial condition? 4th. Were the signatures of Charles Lewis and H. Newman or either of them, secured to the note in suit by fraudulent misrepresentation or concealment by plaintiff's agents or representatives of the real financial condition of Broyles?"

After the trial was begun, at the request of counsel, the court submitted the following additional questions to the jury: 5th. "Did the defendants exercise such care as men of ordinary prudence should have exercised under all the circumstances to learn for themselves the facts as to the financial condition of Broyles? 6th. Did H. Newman and Charles Lewis exercise such care as men of ordinary prudence should have exercised under all the circumstances to learn for themselves the facts as to the financial condition of Broyles?" The jury answered all the foregoing questions, or issue, in the affirmative.

Appellants filed a motion for a new trial upon the ground of errors committed by the court and jury upon trial of the issues, and also submitted a request to the court to make seventy-two proposed findings of facts contrary to the findings of the jury. This motion came on for a hearing before the court and the court made and filed findings approving and adopting the findings of the jury upon the issues so submitted, finding some additional facts upon the basis of the evidence adduced at the trial, overruled the motion for a new trial and entered judgment that the complaint be dismissed upon the merits. Judgment was entered upon these findings dismissing the complaint on the merits and adjudging the mortgage and note fraudulent and void as against the defendants, from which this appeal is taken.

## OPINION OF THE COURT.

ROBERTS, A. J.—The appellant has questioned the sufficiency of the evidence to sustain the findings of facts in the lower court upon the issue of fraud, but, when we consider the positive proof offered and the facts fairly deducible from the circumstances proven, we cannot say that the lower court was not justified in concluding that the fraud had been established, even to the degree which appellant claims was required, under the decision of the Supreme Court of the United States in the Maxwell Land Grant case found in 124 U. S. 381. The jury found that fraud had been proven, after hearing all the evidence and having had the opportunity of seeing the witnesses upon the stand and observing their demeanor and manner while testifying; the findings of the jury were adopted by the court and made the findings of the court; the proof satisfied the conscience of the trial court, and, as there appears to be sufficient evidence to support the finding it will not be disturbed.

Appellant contends that this case comes within the rule laid down by the Supreme Court of the United States in the case of Slaughter v. Gerson, 13 Wallace 383, to the effect that a party to a contract who has opportunity to obtain knowledge with reference to representations and facts

connected with the contract equal with that possessed by the other party, cannot claim immunity from the obligations of the contract if he did not avail himself of his opportunity and acquire the knowledge obtainable,. had he sought to do so. This case, and all kindred cases cited by appellant, had to do with sales and similar contracts and merely illustrate the rule of caveat emptor as applied in equity. If the principle contended for, however, did apply as between principal and surety, even· if the appellees had investigated for themselves, they would only have been more greatly deceived. The expert bookkeeper who prepared a statement of Broyles' affairs, and upon which the alleged fraudulent statements were based, testifying for appellant said that Broyles' books only disclosed about $30,000 of his indebtedness, and that there was no book to be found showing the time certificates of deposit in his bank; that the amount of his indebtedness was largely made up from Broyles' own statements to him; that the statement was not accurate and that it was not possible for him to prepare an accurate statement; that he had included in the assets something like $50,000 of store accounts, notes and overdrafts in bank, without knowing anything as to whether they were collectable or not. But the appellees were not contract creditors, they were sureties to the appellant for the debt of Broyles and the rules applicable to them, and to their relations so formed, are entirely separate and distinct from the rule contended for by appellant. "A surety," says Mr. Justice Swayne in McGee v. Manhattan Life Insurance Co., 92 U. S. 93, "is a favored debtor; his rights are zealously guarded, both at law and in equity, and the slightest fraud on the part of the creditor, touching the contract, annuls it." In Griswold v. Hazzard, 141 U. S. 260, Mr. Justice·Bradley quoted with approval the following from Story's Equity Jurisprudence: "The contract of suretyship imports entire good faith and confidence between the parties in regard to the whole transaction. Any concealment of material facts, or any express or implied misrepresentation of. such facts, or any undue advantage taken of the surety by the creditor, either by surprise or by withholding proper information, will

undoubtedly furnish a sufficient ground to invalidate the contract. Again: If a party taking a guaranty from a surety, conceals from him facts which go to increase his risk and suffers him to enter into the contract under false impression as to the real state of the facts, such a con-. cealment will amount to a fraud, because a party is bound to make this disclosure." The Supreme Court of Iowa, in the case of Barnes v. Century Savings Bank, 128 N. W. 541, only recently decided, says: "From our own case of Bank of Monroe v. Anderson Co., 65 Iowa 700, 22 N. W. 933, we also quote the following, which is in exact harmony with that announced by the Minnesota case: 'We have thought it proper to lay down what we conceive to be the true rule as to the duty of a creditor, who is about to accept personal security for a debt due him, to inform the surety of facts within his knowledge which would have the effect to increase the risk or the undertaking of the surety. The contract of suretyship as a general rule is for the benefit of the creditor, while the surety derives no advantage from it. Hence the law imposes upon the creditor the duty of dealing with the surety at every step of the transaction with the utmost good faith. If the surety applies to him before the entering into the contract for information touching any matter materially affecting the risk of the undertaking, he is bound, if he assumes to answer the inquiry at all, to give full information as to every fact within his knowledge, and he can do nothing to deceive or mislead the surety without vitiating the agreement. And whether he is bound before accepting the undertaking of the surety and without being applied to by him for information on the subject to inform him of facts within his knowledge which increase the risks of the undertaking depends on the circumstances of the case. If there is nothing in the circumstances to indicate that the surety is being mislead or deceived, or that he is entering into the contract in ignorance of the facts materially affecting its risks, the creditor is not bound to seek him out, or, without being applied to, communicate to him information as to the facts within his knowledge. But in such case he may assume that the surety has obtained information for his guidance from

Putney v. Schmidt et al, 16 N. M. 400.

other sources, or that he has chosen to assume the risks of the undertaking, whatever they may be. But if he knows or has good grounds for believing, that the surety is being deceived or mislead, or that he was induced to enter into the contract in ignorance of facts materially increasing the risks, of which he has knowledge, and he has an opportunity before accepting his undertaking to inform him of such fact, good faith and fair dealing demand that he should make such disclosure to him; and, if he accepts the contract without doing so, the surety may afterwards avoid it. This view of the duty of the creditor is supported by the following authorities: Pidcock v. Bishop, 2 Barn & Co. 605; Owen v. Homan, 4 H. L. Cas. 997; Railton v. Matthews, 10 Clark & F. 934; Hamilton v. Watson, 12 Clark & F. 109; Franklin Bank v. Cooper, 39 Mo. 542; Franklin Bank v. Stevens, 39 Mo. 532; Graves v. Lebanon Nat. Bank, 10 Bush (Ky.) 23 (19 Am. Rep. 50); Stone v. Compton, 5 Bing (N. C.) 142; Booth v. Stoors, 75 Ill. 438; Ham v. Greve, 34 Ind. 18. See, also, Conger v. Bean, 58 Iowa 321, 12 N. W. 284; Savings Bank v. Boddicker, 105 Iowa 548; 75 N. W. 632; 45 L. R. A. 321; 67 Am. St. Rep. 310; Coles v. Kennedy, 81 Iowa 360; 46 N. W. 1088, 25 Am. St. Rep. 503; Melick v. Bank, 52 Iowa 94; 2 N. W. 1021; Harworth v. Crosby, 120 Iowa 612; 94 N. W. 1088; Crossley v. Stanley, 112 Iowa 24, 83 N. W. 806; 84 Am. St. Rep. 321.

There is proof in this case showing that Schmidt asked appellant's representative if $10,000 would pay all of Broyles' debts and he replied that it would; that it would put him on Easy Street. This was denied by appellant's representative, but he admits that he probably told appellees that the statement prepared by the expert bookkeeper showed that Broyles was $52,000 or $42,000 to the good; having volunteered this information, admitting that his version of the conversation is true, he owed it to the appellees to disclose to them fully just how the statement was made up; how the totals were arrived at. Having undertaken to give the proposed sureties information in regard to Broyles' financial condition, he should have disclosed all the facts and circumstances, affect-

ing the risk, within his knowledge. He knew that more than $50,000 of the assets shown on the statement were made up of store accounts, notes and over drafts in bank, good, bad and indifferent; he knew that all Broyles' real estate was mortgaged to the State National Bank of Albuquerque; that all his acceptable paper was held by the Bank of Commerce as collateral security; that the value placed upon the property was merely Broyles' own estimate and the liabilities were largely Broyles' own figures. Appellees also testified that appellant's representative told them that the $25,000 Bank of Commerce note was a demand note, and that while it was amply secured by collateral, the bank might nevertheless attempt to make trouble for them, but if there was a mortgage on their stock the bank would be more apt to rely on their collateral; that if they would make the mortgage, he would protect them from the Bank of Commerce free of charge; that is, force the bank to rely on its collateral, which was amply sufficient, and not trouble them. This was denied by appellant's representative, but, if no representations of any kind had been made to them, we cannot understand why he was so particular to see that the notary asked the appellees if they signed the mortgage without being influenced by any representations made to them by appellant or his representatives.

The appellant contends that by reason of Schmidt, with Story's consent, having taken charge of all Broyles' property and business, including $1,000 of actual cash which appellant had advanced on the note in question, appellees waived the right to any defense. We do not believe there is any merit in this contention. Schmidt took charge of the property only in a representative capacity; he was trustee for all the creditors.

Appellant has cited many authorities to show that the appellees, as soon as they discovered the fraudulent character of the representations which had induced them to sign the note and mortgage, should have given notice to the appellant of their intention not to be bound. We think the appellant misapprehends the principle of the cases cited.

It is not disputed that where a party received something of value under a contract, if he seeks to rescind the same upon the ground of fraud, he must immediately, upon discovering the fraud, restore, or offer to restore, all that he has received under the contract, as a condition precedent to his right to rescind the same. If he fails to do this, or if, after discovering the fraud, he takes any steps in affirmance of the contract, he will be held to have elected to affirm the same and will not thereafter be granted relief in equity from the burdens of the contract. In every case cited by appellant the parties claiming to have been defrauded had received something under the contract which they were retaining, or which they had kept and accepted the benefits of, for an unreasonable time after discovering the fraud. In no case cited, and, we believe, none can be found, was delay held a defense where the party defending had received nothing which it was in his power to restore. In Grimes v. Sanders, 93 U. S. 62, chiefly relied on by the plaintiff, the parties claiming fraud had purchased a mine, had continued to work it for some months after discovery of the alleged fraud. They had not rescinded or tendered back the deed to the property, and there were other strong equities in favor of the other party. Where a party, as in the present instance, received nothing under the contract, acted merely as trustee for another, the contract remaining wholly executory as to the party claiming fraud, there was nothing which he could return and he had a right to await suit upon the contract and then set up fraud as a defense. Mr. Page in his work on Contracts says, at Section 136: "If the contract is executory as to the liability of the defrauded party, he may avoid liability thereunder and interpose the defense of fraud in an action brought against him on the contract at law. This is in one sense informal recision since no decree in equity is necessary. It differs, however, from what is ordinarily termed informal recision in that injured party is not seeking to recover what he has parted with under the contract, but is seeking to avoid further liability thereunder." Speaking of the duty to place the adversary party in statu quo, he says: Section 137. "The

party seeking relief need not restore anything not received by him under the contract, which he is seeking to avoid. * * * * If the defense of fraud is interposed in an action on an executory contract, it is not necessary as a condition precedent to making such defense to place the adversary party in statu quo." In Section 139, the same author says: "The conduct relied on as ratification, must be such as unequivocally shows the intention of the defrauded party to be bound by the contract." We think the principle covering this case is well stated in Kingsman v. Stoddard, 85 Fed. 750, which is quoted with approval in the case of Richardson v. Lowe, 149 Fed. 625: "We think it fallacious to say that one defrauded may so deal in respect to an executory contract after knowledge of the fraud that he shall lose his right of defense when sued for the consideration and yet may have his action for deceit. The remedy by way of defense is allowed to avoid circuity of action and it is grounded upon, and is governed by, the same principles as the action for deceit. If the one can not prevail, the other must fall. If the one can be sustained, the other is upheld. Judgment in the one case is res adjudicata and concludes the right. Bernet v. Smith, 4 Gray, 50."

Appellant insists that Schmidt, by a letter which he wrote to appellant, after he took charge of Broyles' property as trustee, shows an affirmance of the contract. We do not think so. Judge Cooley, in his work on Torts, (star page 505), says: "Where an affirmance is relied upon, it should appear that the party having a right to complain of the fraud had freely and with full knowledge of his rights, in some form, clearly manifested his intention to abide by the contract and waive any remedy he might have for the deception." Measured by this rule the letter falls far short of evincing any intention on the part of Schmidt to be bound by the contract. He was asking appellant to take over all of Broyles' property, suggesting that he might be able to settle with Broyles' creditors on the basis of 25 cents on the dollar.

Appellant has assigned as error the rejection of certain evidence offered by him and the admission of evi-

dence, over his objection on behalf of appellees, but, this being an equity case and from all the facts and circumstances shown on the trial, it is apparent that the lower court was justified in arriving at the conclusion that substantial justice had been done and that the result would not have been different if such testimony had been received in the one case, or rejected in the other. "A new trial will not be granted merely on the ground that the judge received improper testimony on the trial of the issue, or that he rejected that which was proper, if on the whole facts and circumstances the court is satisfied that justice has been done or that the result ought not to have been different, if such testimony had been rejected in the one case or received in the other." 11 Ency. Pl. & Pr. 728, and authorities cited. As we are satisfied that the findings of the lower court are right and are supported by the evidence, it will not be neceessary for us to consider the error claimed in the instructions to the jury. See 11 Enc. Pl. & Pr. 729; Post v. Mason, 91 N. Y. 537.

Appellant contends that the findings of fact made by the jury were defective and not sufficient, even if supported by the evidence, to justify a judgment against the appellant. The proper practice required the submission only of such issues to the jury as would determine the ultimate or constitutive facts, and we believe the issues submitted, and the findings thereon, covered the matters in dispute. See Thompson on Trials, sec. 2652; Cresman v. Murray, 64 S. W. 711 (Tenn.); Daniel's Chancery Practice, 5 ed., vol. 3, p. 2254. We find no error in the record, and the judgment of the lower court is affirmed, and it is so ordered.

William H. Pope, C. J., concurs in the result.