HERBERT W. BOWLER *v.* HERMINDO J. MIORANDO.

January Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 3, 1942.

364

*Edwards & Bigelow* for defendant.

*H. H. Blanchard* and *Palmer D. Ainsworth* for plaintiff.

JEFFORDS, J.   After the charge in the trial of this action of contract counsel for the defendant requested the Court to instruct the jury that if they find as a fact there was an attempt to make an illegal contract to defraud the United States Government that the plaintiff may not recover.   This request was denied. Defendant excepted to the ruling of the Court on the ground that the contract might be found to be a void contract which is unenforceable in the courts of the State.   The Court then stated for the record that this was the first time that the request had been brought to its attention.   Counsel then inquired of the Court whether it denied his request to waive the rule requiring requests to be submitted in writing prior to arguments by counsel.   The answer was that it did and exceptions were allowed the defendant to this ruling.

The Court did not err in refusing to grant the request presented at that stage of the trial as it was not in writing as required by the rule and was out of time.   County Court Rule 31; *French* v. *Nelson*, 111 Vt. 386, 17 Atl. 2d. 323; *State* v. *Malnati*, 109 Vt. 429, 199 Atl. 249; *State* v. *Stacy*, 104 Vt. 379, 160 Atl. 257; *Northern Trust Co.* v. *Perry*, 104 Vt. 44, 156 Atl. 906; *Russ* v. *Good*, 90 Vt. 236, 97 Atl. 987.

After verdict and before judgment the defendant made a motion to set aside the verdict which was denied. In the motion a federal statute is set forth which makes it a criminal offense to enter into an agreement or conspiracy to defraud the Government or any department or officer thereof or corporation in which it is a stockholder. The citation of this statute is given as U. S. C. A., Title 18, § 80 et seq., 48 St. 996.

From a study of the motion and the brief of the defendant it appears that the claimed reason why the motion should have been granted is based on the theory that the evidence in the case warranted the jury in finding that the statute above referred to had been violated by the parties to the contract sued upon and for this reason the above noted request should have been granted.

■■ The defendant is apparently attempting to raise the same question under this motion as by the exception to the failure to grant his request to charge. We have held that when no exception was taken to, a charge on a certain point that error in respect to the same cannot be raised by a motion to set aside the verdict. *Packard* v. *Quesnel*, 112 Vt. 175, 179, 22 Atl. 2d. 164, and cases cited therein. Here, as we have seen, the exception taken to the refusal to charge is not available to the defendant. In our opinion the situations are analogous and the same rule should be applied to one as to the other. Consequently we hold that this question of claimed error could not properly be raised by the motion and for this reason, if for none other, there was no error in the denial.

■ It should be noted that no question of the duty to charge on the subject matter of the request without being asked so to do can fairly be said to be raised by any ground of the exceptions nor is any claim on this score made in defendant's brief. Consequently this question is not before us. *Elwell* v. *Barrows Coal Co.*, 100 Vt. 179, 184, 136 Atl. 20.

As a part of the taxable costs the clerk allowed the witness fees of four persons. An appeal was taken to the taxation on the ground that these witnesses were never served with subpoenas. Hearing was had before the presiding judge who made findings to the effect that these persons all appeared voluntarily at the trial at the request of the plaintiff and were called to the witness stand and gave testimony. He also found that the at-

tendance of each for the six days in question was necessary for the proper trial of the case. An order was entered sustaining the taxation of the clerk with exceptions to the defendant.

P. L. 9017 provides that: "There shall be allowed to witnesses the following fees * * *." In County Court Rule 33 it is stated that necessary and actual attendance of witnesses upon assessments may be taxed and allowed as costs to the recovering party. No language in either the statute or the rule nor any reasonable construction of the same require a holding that in order for the prevailing party to recover witness fees as a part of his taxable costs he must subpoena his witnesses. Any such construction would be forced, unreasonable and contrary to the long established practice in this State. The result contended for by the defendant would be the adding of expense in the way of officers' fees to the bill of costs for no good purpose. Although the answer to this question must depend upon the wording of the statute allowing witness fees as taxable costs so as to make decisions from other jurisdictions of little if any value on this point, it is to be noted that the prevailing view is in accord with our holding. 14 Am. Jur. 33, Sec. 53.

*Judgment for the plaintiff to recover the amount of the verdict and costs is affirmed. The order sustaining the taxation of costs is affirmed and the appeal from said taxation is dismissed.*