428 P.2d 640

The PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff-Appellee,

v.

Virginia C. ANAYA, Rueben G. Anaya, Yolanda C. Anaya and Debra C. Anaya, Defendants-Appellants.

No. 8223.

Supreme Court of New Mexico.

June 5, 1967.

Frazier, Cusack & Schnedar, Roswell, for appellants.

Atwood & Malone, Bob F. Turner, Russell D. Mann, Roswell, for appellee.

## OPINION

WOOD, Judge, Court of Appeals.

Questions are presented concerning (1) rescission of an insurance policy and (2) court costs.

Husband applied to plaintiff for a policy of medical expense insurance to cover himself, his wife and two minor daughters. By this application husband would have been the insured. Plaintiff experienced difficulty in obtaining medical information concerning the husband. Because of this delay, it prepared a policy naming the wife as the insured and covering the children. After husband and wife signed an endorsement authorizing an amendment to the application for insurance, the policy was delivered to defendants. Subsequently, the husband was added to the policy by endorsement.

In the application, husband made false answers to specific questions concerning a previous mental or nervous disorder of the wife for which she had been hospitalized. Plaintiff discovered the answers were false while processing a claim of the wife made under the policy. It brought this information to the attention of wife and husband and tendered to them all premiums that had been paid, together with accrued interest on the amount of the premiums. The tender was rejected. Plaintiff sued to have the policy declared null and void. The trial court found that the false answers had been made knowingly, fraudulently, wilfully and intentionally and that plaintiff had issued its policy in reliance on the truth of the contents of the application. It found that the wife's previous condition was material to the risk involved, that this condition materially affected the acceptance of the risk and the hazard assumed, that if plaintiff had known of this prior condition it would not have issued the policy. The judgment declared the policy to be null and void and directed that the premiums and accrued interest be paid to defendants.

The following five points answer defendants' contentions attacking rescission of the policy.

(1) Defendants assert that plaintiff is not entitled to rescission after loss has been sustained by an insured and a claim has been made.

Defendants requested the trial court to find that the wife filed a claim under the policy and requested the trial court to conclude that plaintiff failed to pay policy benefits to the wife as required by § 58-11-4 (2) (B), N.M.S.A.1953. This section provides that no claim shall be reduced or denied

"* * * on the ground that a disease or physical condition not excluded from coverage * * * on the date of loss had existed prior to the effective date of coverage of this policy."

We do not decide whether an insurance policy may be rescinded after a claim has been made for a loss but before a lawsuit has been filed. See Annotations at 73 A.L.R. 1529 and 111 A.L.R. 1275, on the question of whether there may be a rescission after a lawsuit has been filed on the claim.

Neither the requests (which were denied) nor the reference to the statute brought this contention to the trial court's attention. The requests concerned plaintiff's failure to pay a claim. The requests do not assert that a claim bars rescission nor can such be inferred from them. The contention not having been presented to the trial court, it cannot be raised on appeal

for the first time. Marquez v. Marquez, 74 N.M. 795, 399 P.2d 282 (1965); § 21–2–1 (20), N.M.S.A.1953.

(2) Defendants assert that rescission should not have been allowed because the evidence was not clear, competent and satisfactory.

■ As a general proposition, rescission is allowed where there has been a misrepresentation of a material fact, the misrepresentation was made to be relied on, and has in fact been relied on. Again generally speaking, the good faith with which the misrepresentation is made is immaterial. Ham v. Hart, 58 N.M. 550, 273 P.2d 748 (1954); Jones v. Friedman, 57 N.M. 361, 258 P.2d 1131 (1953); Bennett v. Finley, 54 N.M. 139, 215 P.2d 1013 (1950). The same rule applies in insurance cases. Tsosie v. Foundation Reserve Ins. Co., Inc., 77 N.M. 671, 427 P.2d 29, opinion issued May 1, 1967. As stated in Modisette v. Foundation Reserve Ins. Co., Inc., 77 N.M. 661, 427 P.2d 21, opinion issued May 1, 1967:

"* * * if misrepresentations be made, or information withheld, and such be material to the contract, then it makes no difference whether the party acted fraudulently, negligently, or innocently."

■ Thus, plaintiff was not required to proceed on the ground of fraud. However, it did so, and fraud was found. The elements of fraud are set forth in Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134 (1962), as follows:

"* * * The essential elements required to sustain an action for fraud, are that a representation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage. * * *"

■ Although not required to prove fraud if plaintiff has done so, it has established all of the elements of rescission with the exception of the "material fact" requirement. Thus, if there was fraud as to a material fact, the ground for rescission is established.

■ The evidence of fraud must be clear and convincing, Sauter v. St. Michael's College, supra; Mosely v. National Bankers Life Ins. Co., 66 N.M. 330, 347 P.2d 755. Defendants assert that the evidence does not meet this requirement.

. The following evidence is not disputed. The husband had an eleventh-grade education. He did not have difficulty with the English language. He knew the importance of the answers given in the application. He gave false answers knowing they were false at the time they were made. He agreed that the application was to be a part of the policy applied for and that the insurance was not to take effect unless the answers were true when the policy was delivered.

■ There are conflicts in the evidence as to whether the husband told plaintiff's representative about his wife's condition apart from the written application. There is conflicting evidence concerning plaintiff's reliance on the application. The credibility of the witnesses who gave the conflicting evidence was for the trial court.

■ The trial court found fraud. When a finding of fraud is attacked on appeal, the issue is whether there is substantial evidence to support the finding. Sauter v. St. Michael's College, supra. The above evidence is substantial.

Defendants assert that the fraud did not concern a material fact. They contend the policy only applied to sickness or disease commencing sixteen or more days after a person was covered by the policy and that there was no evidence that the wife's prior condition was likely to reoccur—thus, the fraud as to the prior condition was not material.

■ To be material, the false statement does not have to actually contribute to a loss under the terms of the policy. Martin v. Metropolitan Life Ins. Co., 192 F 2d

167 (5th Cir.1951); Annot., 131 A.L.R. 617. A misstatement as to prior mental illness may be material even though the misstatement relates to a time several years prior to the application. Pacific Mutual Life Ins. Co. v. Manley, 27 F.2d 915 (N.D.Ga.1928), aff'd, 35 F.2d 337 (5th Cir.1929). A misstatement is material if it takes away the insurer's opportunity to estimate its risk under its contract. Inter-Ocean Ins. Co. v. Harkrader, 193 Va. 96, 67 S.E.2d 894 (1951); Great Northern Life Ins. Co. v. Vince, 118 F.2d 232 (6th Cir.1941).

Here, the false answers concealed the medical history of a prior illness. The test of materiality of these false answers is whether plaintiff, as a reasonably prudent insurer, would have rejected the risk if it had known the true facts concerning the medical history of the wife. See Inter-Ocean Ins. Co. v. Ross, 315 S.W.2d 71 (Tex.Civ.App.1958). As defined in Modisette v. Foundation Reserve Ins. Co., supra:

> "A representation or concealment of a fact is material if it operates as an inducement to the insurer to enter into the contract, where, except for such inducement, it would not have done so, * * *."

The testimony is that if the wife's medical history had been disclosed, the policy would not have been issued because this history did not meet plaintiff's underwriting standards. This evidence supports the finding that the wife's previous condition was material to the risk. The fraud pertained to a material fact.

(3) Defendants assert that the wife's coverage should not have been rescinded because her coverage resulted from plaintiff's counteroffer, and because the policy was issued contrary to § 58–11–3(C), N.M.S.A.1953.

The endorsement signed by the wife was an amendment to the application for insurance. It provided that the policy was issued to the husband, that the husband was not covered and that the wife was the named insured. This endorsement also provided that the amendment was a part of the application and that the endorsement was part of the policy. The policy was issued " * * * in consideration of the application. * * *" The wife signed the endorsement as the proposed insured. The policy was delivered to the wife after she signed the endorsement. This evidence supports the trial court's finding that she accepted the policy with the amended application.

1 Couch on Insurance 2d, § 7:20 states:

> "The issuance by an insurance company of a policy which is at variance with the terms of the application is in effect a rejection of the application and a counteroffer which must be accepted by the applicant before there is a binding contract. * * *"

Since the husband's application was an offer to buy insurance for all of the defendants and since at that time plaintiff did not agree to insure the husband, plaintiff did not accept that offer. Plaintiff's counteroffer was an offer to insure in consideration of the application and the wife accepted this offer. The fact that the insurance was effected through a counteroffer does not eliminate the application and its false answers from consideration.

Nor was the policy issued contrary to § 58–11–3(C), N.M.S.A.1953. That section provides that a policy may be issued

> " * * * upon application of the head of a family, who shall be deemed the policyholder, covering members of any one [1] family, including husband, wife, dependent children * * *."

Here, the policy was issued to the applicant husband. The policy as originally issued covered the wife and children. The policy was issued in accordance with § 58–11–3(C), N.M.S.A.1953.

(4) Defendants contend that the policy is severable. They assert that there must be a basis for rescission as to each of the persons covered under the policy. They claim that there cannot be rescission (a) as to the wife because she did not participate

in the fraud and (b) as to the husband and children because the fraud did not apply to their coverage.

As to whether the policy was severable, both parties rely on Arrow Gas Co., etc. v. Lewis, 71 N.M. 232, 377 P.2d 655 (1962). There it is stated:

"In determining whether or not a contract is divisible, the governing principle is the manifested intention of the parties in view of the nature of the contract, that is, their intention to have performance of the contract in parts and have the performance of a part on one side the price or exchange of a corresponding part on the other. * * *"

As to insurance policies, this intent is to be determined largely from the language in which the agreement is expressed. 2 Couch on Insurance 2d, § 17:2. Defendants would find the policy to be severable because the total premium was arrived at on the basis of a premium charge for each of the defendants.

Whether the reckoning of the premiums on an individual basis shows the policy to be severable in its performance, we do not decide. Here, the issue is whether the coverage to be provided was severable.

The intent as to whether the coverage was severable is shown by the language used. The application provides that *no insurance* is to take effect unless *all* answers given in the application are true as of the date of delivery of the policy. The policy states that it is issued in consideration of the application. There being false answers, the intent was that no insurance was to be effective. This intent was not limited to one or more of the defendants; it applied to all of them.

The fact that coverage as to the husband was added at a later date does not change this result. No separate policy was issued as to him. He was added to the policy previously issued in accordance with the terms of that policy. That policy provided there would be no insurance in effect. The

policy was not severable on the question of whether insurance was in effect.

We are not required to consider whether the husband's fraud applies to the wife. Nor are we required to consider whether the fraud applied to the coverage for the husband and children. These contentions apply to the grounds for rescission. The ground for rescission was the fraud as to a material fact.

What is to be rescinded? It is the policy of insurance. The question under this point is whether all or part of the policy is to be rescinded. If coverage under the policy were severable, then it would be necessary to determine whether, as to each severable part, a ground for rescission had been established. Here, the coverage is not severable, and ground for rescission existing, the entire policy is null and void.

(5) Defendants contend that plaintiff is estopped to rescind the policy as to the wife because the status quo ante cannot be restored. They say the status quo cannot be restored because defendants dropped another policy when plaintiff issued its policy. Defendants mistake what is meant by the status quo.

A suit for rescission asks for the restoration of the status quo ante. Thrams v. Block, 43 N.M. 117, 86 P.2d 938 (1938). Thrams cites Vail v. Reynolds, 118 N.Y. 297, 23 N.E. 301 (1890), which held that there must be an offer to return what has been received. Putney v. Schmidt, 16 N.M. 400, 120 P. 720 (1911), stated:

"It is not disputed that where a party receives something of value under a contract, if he seeks to rescind the same upon the ground of fraud, he must immediately, upon discovering the fraud, restore, or offer to restore, all that he has received under the contract, as a condition precedent to his right to rescind the same. * * *"

The restoration of the status quo means the return, or offer to return, of that which has been received. See Shields v. Meyer, 183 Kan. 111, 325 P.2d 29 (1958).

The plaintiff offered to return the premiums and accrued interest upon discovery of the fraud; it has performed that which was required in order to maintain the suit. It has offered to return defendants to the status quo ante, and is not estopped to rescind the policy.

The issues concerning costs arise as follows. The judgment awarded costs to plaintiff. On May 18, defendants filed their notice of appeal. On May 20, plaintiff filed its memorandum of costs and disbursements and gave notice of a date for taxing costs. Also on May 20, defendants filed objections to plaintiff's memorandum. The court's order specified the items to be allowed as costs, disallowing some of the items claimed.

No contention is raised as to the amount of costs allowed. Defendants contend (a) that the court was without jurisdiction to determine the amount of costs after notice of appeal was filed, (b) that attendance and mileage fees for witnesses are not allowable unless the witness has been subpoenaed and (c) that costs were not properly taxed under § 21–1–1(54) (d), N.M.S.A.1953.

Concerning jurisdiction, defendants rely on National American Life Ins. Co. v. Baxter, 73 N.M. 94, 385 P.2d 956 (1963), which held that upon the taking of an appeal from a final judgment, the district court is divested of jurisdiction except for the purposes mentioned in State v. White, 71 N.M. 342, 378 P.2d 379 (1962). The White case stated that the taking of an appeal divests the district court of jurisdiction except for the purpose of perfecting the appeal, for passing on pending motions or for vacating of an order granting an appeal. Neither of these cases dealt with the question of costs.

Defendants appealed from the judgment awarding costs to plaintiff. The proceedings, held after notice of appeal was filed, were to fix the amount of allowable costs—thus, a proceeding to carry out the judgment allowing costs. This judgment was not superseded and could be enforced under § 21–2–1(9), N.M.S.A.1953.

Samples v. Robinson, 58 N.M. 701, 275 P.2d 185 (1954), is analogous. There, a mortgage was foreclosed. After appeal was taken, the property was sold pursuant to the judgment of foreclosure. It was contended that the trial court lost jurisdiction when the appeal was taken. This contention was rejected—plaintiff had a right to enforce the judgment since it had not been, superseded. The trial court has a duty to give effect to its judgment. Section 21–9–5, N.M.S.A.1953. The trial court had jurisdiction to enforce its unsuperseded judgment.

Section 20–1–4, N.M.S.A.1953, provides that "witnesses shall be allowed * * *" fees for attendance at court and for travel to and from the place of attendance. The statute does not condition the allowance upon being subpoenaed to appear. Further, the allowance of costs for witness fees and mileage is discretionary with the court under § 21–1–1(54) (d), N.M.S.A. 1953. As stated in Bowler v. Miorando, 112 Vt. 363, 24 A.2d 351 (1942):

"* * * No langauge in either the statute or the rule nor any reasonable construction of the same require a holding that in order for the prevailing party to recover witness fees as a part of his taxable costs he must subpoena his witnesses. * * *"

Spiritwood Grain Co. v. Northern Pac. Ry., 179 F.2d 338 (8th Cir.1950); and Kemart Corp. v. Printing Arts Research Lab., 232 F.2d 897, 57 A.L.R.2d 1234 (9th Cir.1956), are in accord.

Plaintiff gave notice in accordance with § 21–1–1(54) (d), N.M.S.A.1953, that the clerk would tax costs. Thereupon, defendants filed their objections. The trial court heard the objections. Defendants contend that the rule was not followed because they did not file any motion for review by the court. Defendants objected to any allowance of costs in excess of $25.00. While the objections did not specifically request that a portion of plaintiff's cost bill be disallowed, if its wording is not to be given that effect, it was a useless,

document. We hold that the objections asked the court for an order relieving them from the costs claimed by plaintiff, and was a motion. See § 21–4–20, N.M.S.A.1953.

The judgment is affirmed.

It is so ordered.

CHAVEZ, C. J., and COMPTON, J., concur.