PEERLESS FIRE INS. CO. v. REVEIRE.
(No. 5630.)

(Court of Civil Appeals of Texas. Austin. April 12, 1916. Rehearing Denied June 28, 1916.)

1. TRIAL ☞143—QUESTION FOR JURY—CONFLICTING EVIDENCE.

Where the evidence is conflicting, and reasonable minds might differ as to the inference therefrom, the issue is for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ☞143.]

2. TRIAL ☞141—QUESTION FOR JURY—MATERIAL ISSUES—UNDISPUTED EVIDENCE.

Where a number of material issues are involved, some of which are sustained by the undisputed evidence and are within themselves sufficient upon which to predicate a judgment,

the court may direct a verdict, notwithstanding the evidence on the other issues is conflicting.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. ☞141.]

3. CORPORATIONS ☞423—FRAUD OF AGENT—EFFECT.

A corporation is bound by and charged with the fraud of its agents.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1692–1695, 1903, 1906; Dec. Dig. ☞423.]

4. FRAUD ☞9, 16—SALE OF STOCK—MATTERS CONSTITUTING FRAUD.

Any false statement of fact that might materially affect the price of the stock of a corporation or the judgment of its purchaser is fraudulent, which statement may consist in suppression of what is true, as well as the assertion of what is false, and where any statement is made at all it must be a fair and full statement of all the material facts.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 8, 15; Dec. Dig. ☞9, 16.]

5. CORPORATIONS ☞80(12)—SALE OF STOCK—FRAUD—RESCISSION.

Where the secretary and treasurer engaged in promoting a fire insurance company, to induce plaintiff to purchase stock therein, suppressed the fact that a certain per cent. of the money received from the sale of the stock was applied to the payment of secret commissions of officers and directors, and that a promoter and stockholder was short in his accounts and indebted to the corporation, and represented that it was a going concern and its stock was a fine investment, when in fact it was insolvent, there was such a fraud upon the purchaser as entitled him to a rescission of his contract to purchase stock.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 264; Dec. Dig. ☞80(12).]

6. CORPORATIONS ☞316(1)—CONTRACTS WITH DIRECTOR—VALIDITY.

A director of a corporation cannot enter into any contract with it, or have any personal or pecuniary interest in a contract between it and a third person, and such contract is fraudulent and unenforceable.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1405, 1406, 1409; Dec. Dig. ☞316(1).]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by J. W. Reveire against the Peerless Fire Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Hall Etter and Gross & Street, all of Waco, for appellant. Weatherred, Willis & Cole and Neff & Taylor, all of Waco, for appellee.

RICE, J. On the 3d of September, 1912, appellee entered into a contract with appellant, an Arizona corporation, by the terms of which he agreed to purchase 420 shares of its capital stock at $15 per share. In accordance therewith stock was issued to him, and on the 11th of September he executed his note, bearing 8 per cent. interest from date, for $6,500 ($200 of which was for borrowed money), in payment therefor, payable on or before the 1st of January, 1914, which was secured by D. L. Loving's note of date

June 1, 1912, for $6,890, bearing 8 per cent. interest, payable to appellee on or before January 1, 1914. Attached thereto as collateral security was 65 shares of stock in the McKnight-Loving Sundries Company. Prior to the filing of this suit on January 5, 1914, appellant, without the knowledge or consent of appellee, collected the amount due on the Loving note, amounting, principal and interest, to $7,206.75, and applied same in payment of appellee's note for $6,500, less a small balance, which was turned over to him; and this suit was brought by appellee against appellant on the ground of fraud, for the cancellation of his note and contract, as well as for recovery of the Loving note and stock in the McKnight-Loving Sundries Company attached thereto as collateral, or in the alternative for the reasonable value of the Loving note, etc.

Appellant answered by general demurrer and numerous special exceptions, as well as specific denials of the grounds of fraud set forth in the petition, and the following issues of fact were raised thereby, to wit: Did appellant falsely and fraudulently represent (1) that its stockholders would receive insurance for a premium of 15 per cent. less than that paid by nonstockholders in the company; (2) that it had perfected its organization and was ready to begin business; (3) that it was a Texas corporation; (4) that J. W. Saunders, its secretary and treasurer, intended to invest $50,000 therein; (5) that its stock was a fine, good, and safe investment; (6) that C. L. Sanger and others were owners of large amounts of its stock? (7) Did appellant fraudulently conceal from appellee the fact that C. L. Sanger, C. H. Cox, and J. J. Durham, officers and directors in said company, had received a certain per cent. of the moneys derived from the sale of stock as commissions thereon? (8) Did appellant fraudulently conceal from appellee the fact that a spirit of ill feeling existed among its officers and directors to such an extent as would impair the value of its stock? (9) Did appellant fraudulently conceal the fact that there was a shortage in the accounts of one of its officers, which materially impaired its assets and the value of its stock?

Upon the conclusion of the evidence the court directed a verdict in favor of appellee for the sum of $7,587.72, and judgment was rendered in accordance therewith, from which appellant has prosecuted this appeal; and the action of the court in this respect is assigned as error, and constitutes the principal question involved herein.

The facts, briefly stated, show that the promoters of appellant company resided at Waco, and its officers were well-known, prominent, wealthy, and influential business men of said city; that C. L. Sanger, C. H. Cox, and J. J. Durham were directors and officers of such company, the first two being president and vice president, respectively, and J. W. Saunders was secretary and treas-

urer thereof; that in order to induce appellee to enter into the contract and purchase stock therein, Saunders represented to him that Sanger, Cox, and Durham were heavy investors in such company and largely interested therein, whereas in truth and in fact Cox and Durham only owned 1 share each of its stock, while Sanger owned only 10 shares; that its officers further represented to him that the stock was a fine, good, and safe investment, and that the company was a going concern, whereas the company was insolvent and had never procured a permit to do business in Texas. It was further shown that appellant, through its officers, represented that its stockholders could obtain insurance therein at a premium of 15 per cent. less than that paid by nonstockholders, whereas in truth and in fact no such arrangemennts had been made and contemplated, and that they represented that appellant was a Texas corporation. The evidence also shows that Sanger, Cox, and Durham received a certain per cent. as commissions on all stock sold, including that to appellee, which fact was not made known to him. It further appeared that Beckley, a promoter and stockholder in appellant company, was short in his accounts and largely indebted to it, which materially impaired its assets, and this fact was likewise concealed from appellee; that appellee, relying upon such statements, and believing that its officers had made full disclosures as to its business status, as they claimed to have done, entered into the contract and purchased the stock, which he would not have done, had he known the truth in relation thereto.

[1, 2] It is elementary, we think, and unnecessary to cite authorities on the proposition, that where the evidence is conflicting, and upon which reasonable minds might differ, that it becomes the duty of the court to submit the issue raised to the consideration of the jury. But it is equally as well settled that, where a number of material issues are involved, some of which are sustained by the undisputed evidence and are within themselves sufficient upon which to predicate a judgment, the court is authorized to direct a verdict, notwithstanding the fact that the evidence may be conflicting as to others. While the evidence on some of the issues of fraud above outlined was conflicting, yet as to others it was uncontradicted, viz.: (1) That the company was insolvent and not a going concern. (2) It was conclusively shown and admitted that several of its officers, to wit, Sanger, Cox, and Durham, received secret commissions on moneys paid for all stock sold, including that of appellee. (3) It was likewise shown that Sanger, Cox, and perhaps Durham, had each represented to appellee as a matter of fact that the capital stock of such corporation was a good, safe, and fine investment, or words to that effect. (4) It was admitted that the prominence, dignity, and financial standing of

Sanger, Cox, and Durham, and their alleged large and heavy investments in the company, were urged as one of the chief inducements to get appellee to take stock therein; (5) that the actual amount of stock owned by them was not disclosed to appellee, and it is not denied that he was deceived thereby; that these facts influenced him to enter into the contract and purchase the stock, relying upon such representations and believing that a full disclosure of the company's financial affairs had been made to him by its officers.

[3, 4] A corporation is bound by and charged with the fraud of its agents. Cook on Corporations (6th Ed.) vol. 1, § 140. Any false statement of fact that might materially affect the price of the stock or the judgment of the purchaser is fraudulent. Id. § 145. The misrepresentation which entitles a subscriber to his remedy may consist in the suppression of what is true, as well as the assertion of what is false. Where any statement is made at all, it must be a fair and full statement of all the material facts. Id. § 148. See, also, on this subject, Thompson on Corporations (2d Ed.) vol. 4, § 4146.

[5] We think the suppression of the fact that a certain per cent. of the money received from the sale of the stock was applied to the payment of secret commissions of officers and directors of the corporation, as well as the failure to disclose the shortage of Beckley, and the further representation that it was a going concern and its stock a fine investment, when it was in fact insolvent, amounted to such a fraud upon appellee as entitled him to a rescission of his contract. See Hall v. County Nat. Bank, 36 Tex. Civ. App. 317, 81 S. W. 762, and cases there cited, where it is held, as shown by the syllabus, that:

"Where a promoter represents that property can be purchased for the corporation for a certain price, but the price includes commission or profit to the promoter, a subscriber can rescind a note executed for his subscription."

See, also, Vreeland v. Stone Co., 29 N. J. Eq. 188; West End Realty Co. v. Claiborne, 97 Va. 734, 34 S. E. 900; Caples v. Sims Shipp Co., 57 L. J. Ch. (N. S.) 713; Coles v. Kennedy, 81 Iowa, 360, 46 N. W. 1088, 25 Am. St. Rep. 503; Company v. Muggerridge, 30 L. J. Ch. (N. S.) 242; Savage v. Bartlett, 78 Md. 561, 28 Atl. 414; Zang v. Adams, 23 Colo. 408, 48 Pac. 509, 58 Am. St. Rep. 249; Faulkner v. Robinson, 70 S. W. 990; West End Realty Co. v. Nash, 51 W. Va. 341, 41 S. E. 183; Thompson, Corporations (2d Ed.) vol. 4, § 4146.

[6] The weight of authority seems to be that a director of a corporation can enter into no contract or agreement with it, nor can he have any personal or pecuniary interest in a contract between a third person and the corporation, and that such contract is fraudulent and unenforceable. See Cook on Corporations (7th Ed.) vol. 3, §§ 648, 649. It was the duty of appellant and its officers to act in good faith, and make a full and fair disclosure to appellee of all material facts with reference to the financial status of appellant; and a failure to do so, under the circumstances disclosed by this record, is, we think, such fraud as would entitle him to a judgment rescinding the contract.

We have examined the remaining assignments and regard them without merit. Believing that the undisputed evidence justified the court in directing a verdict in behalf of appellee, we overrule the second assignment of error, and direct that its judgment be in all things affirmed.

Affirmed.