ZILIOX *v.* THE CITY VIEW APARTMENT & STORAGE CO.

*Corporations—Contract for subscription to stock—Fraud in inducement to subscribe, a defense, when.*

A signed and delivered to a corporation a contract whereby he subscribed for 100 shares of its stock, but such subscription was made under a secret agreement that he should be required to take and pay for only 10 shares of said stock; the corporation represented to B that A's subscription for 100 shares was genuine, and B, relying upon such representation, subscribed for stock in the corporation; B was sued by the corporation to recover on his subscription:

*Held,* that the fact that as against the corporation the law will not permit A to enforce such separate and secret agreement, but will hold him for his subscription for the full 100 shares, does not establish the truthfulness of the representation to B, and if the jury find that the representation was false in fact, and that B relied thereon and was thereby induced to make his subscription, that constitutes a complete defense to the suit against B.

(Decided February 6, 1925.)

ERROR: Court of Appeals for Summit county.

*Messrs. Slabaugh, Young, Seiberling, Huber & Guinther,* in Case No. 928, and *Messrs. Herberich, Burroughs & Bailey,* in Cases Nos. 986 and 987, for plaintiff in error.

*Messrs. Burch, Bacon & Denlinger,* and *Mr. Byron M. Skelton,* for defendant in error.

WASHBURN, J.    This is an action to recover upon a subscription to the capital stock of a corporation.

Corporations, 14 C. J. § 882.

The defense was that the party sued was induced to subscribe for the stock by false and fraudulent representations made to him, in this, to-wit, that one Holcomb, who was an influential citizen, in whose judgment the party sued had great confidence, had subscribed for 100 shares of stock of the corporation, whereas, in truth, Holcomb, while he had signed a subscription for 100 shares, was not a *bona fide* subscriber for the 100 shares.

The representation was made in writing, but the trial court would not permit the party sued to introduce evidence tending to prove that there was a secret agreement by which Holcomb was in fact to take and pay for but 10 shares.

This ruling was made on the theory that such secret agreement not being binding and enforceable, and Holcomb being legally bound to take and pay for the 100 shares, in accordance with his subscription, there was, in law, no false representation; in other words, that as a matter of law, the representation was simply that Holcomb was legally bound to take and pay for 100 shares of stock.

With this contention we cannot agree. The document in which the representation was made, taken in connection with the circumstances of which proof was offered, would justify a jury in finding that the object and purpose of the promoters in making the representation was to have those to whom the representation was made think that Holcomb, a business man of good judgment, had investigated the proposition and concluded that it was good enough to justify his investing $10,000 therein; that to have it known that Holcomb was willing to risk

merely $1,000 would not answer the purpose of the promoters.

It is well settled that a false representation may be made by conduct, calculated and intended to produce a false impression, as well as by words, and that such false impression may be produced by the concealment or nondisclosure of facts which there is a duty under the circumstances to disclose; a representation which is true as far as it goes may be rendered false by reason of a failure to disclose facts, or, in other words, may be half truth only; and whether or not such is the case, in an action such as this, is a question of fact for a jury to determine.

"Promoters of a subscription in furtherance of a business enterprise owed to each prospective subscriber the duty to deal openly and fairly, and to notify the subscriber of the facts concerning previous subscriptions and not by silence to lead them to believe the previous subscriptions were as they appeared on the face of the paper, when the promoters knew that the contrary was true." *Sigler* v. *R. W. Winstead & Co.*, 125 S. W., 272.

"1.  Where there was an agreement between incorporators and subscribers to stock in a corporation yet to be formed, that the subscriptions to stock should not be binding until the full amount had been subscribed, evidence tending to show that one of the necessary subscriptions was not genuine, and that there was a private agreement that another should not be paid in full, was sufficient to take the issue of a failure of consideration for notes given to pay for stock to the jury.

"2.  Where the subscription of an influential

person to the stock of a corporation yet to be formed, was used as an inducement to others to subscribe, and the same was relied upon as being genuine, when in fact such subscriber by a secret agreement was not to pay full price, it amounted to fraud.'' *State Bank of Indiana* v. *Cook,* 125 Iowa, 111.

See also *Goodwin* v. *Wilbur,* 104 Ill. App., 45; *Miller* v. *Barber,* 66 N. Y., 558, and *Gast* v. *King,* 27 Okla., 554.

It should be remarked that in the case at bar the promoters of the corporation opened its books for subscription of stock, as required by law, and at that time certain influential citizens signed the books as subscribers for large amounts of the stock, and among them was Holcomb, and that thereafter the promoters of the corporation caused to be prepared a prospectus which was to be used for the purpose of inducing the public to subscribe for such stock, and therein stated that ''The following is a list of the stockholders, directors and officers of the company as at present constituted, with the number of shares of stock subscribed for by them.'' In that list, as has been said, was the name of Holcomb, and the number of shares for which he had subscribed was stated as 100 shares.

If Holcomb had a secret arrangement with the promoters of the corporation, by which he was to be required to take and pay for but ten shares, that fact, according to the code of good morals and good faith, should have been made known, and, while the prospectus told the truth as far as it went, a jury might have found that it was false in fact, and the fact that the law would not lend its

aid to permit Holcomb to enforce such separate agreement, but would hold him to his subscription for the full 100 shares, does not relieve the representation of its false character. Under such circumstances the jury may well have found that the representation was that Holcomb was a *bona fide* subscriber for 100 shares, whereas in fact it was not his intention, nor the intention of the promoters, that he should be such *bona fide* subscriber.

A prospectus is false if, when taken as a whole, it conveys and is intended to convey a false impression as to material facts, and it should be interpreted by the effect which it produces upon an ordinary mind (*Wiser* v. *Lawler,* 189 U. S., 260). In an action for money where jury issues are presented, whether a prospectus conveys a false impression, and was intended to have that effect, are questions which, as a general rule, it is the province of the jury to determine.

Of course, a subscription to the capital stock of a corporation, obtained by fraud, cannot be enforced; and the rule prohibiting parol evidence to vary the terms of a writing has no application where a subscriber offers such a defense, and in determining whether a fraud has been committed in procuring a subscription to stock the same principles are to be applied as in the case of any other contract.

The view which we have expressed is justified by good morals and is promotive of a sound public policy, and is, we think, supported by the great weight of authority in this country. Some of the cases which apply these principles are as follows: *Coles* v. *Kennedy,* 81 Iowa, 360; *Downey* v. *Finu-*

*cane*, 205 N. Y., 251, 40 L. R. A. (N. S.), 307; *Alabama Foundry & Machine Works* v. *Dallas*, 127 Ala., 513, 29 Sou., 459; *Luetzke* v. *Roberts*, 130 Wis., 97, 109 N. W., 949; *Zabel* v. *New State Tel. Co.*, 127 Mich., 402, 86 N. W., 949; *Virginia Land Co.* v. *Haupt*, 90 Va., 533, 19 S. E., 168; *Southern Ins. Co.* v. *Milligan*, 154 Ky., 216, 157 S. W., 37; *Peerless Fire Ins. Co.* v. *Reveire* (Tex.), 188 S. W., 254; *Munson* v. *Fishburn*, 190 Pac., 808.

We do not regard the case of *Jewett* v. *Valley Ry. Co.*, 34 Ohio St., 601, as a case in point. There the subscriptions complained of were *bona fide,* and there was no claim of fraud in obtaining the subscriptions sued upon. The question was as to what effect the voluntary release of certain subscribers had upon other subscribers.

We hold that in this case the court erred in rejecting evidence which tended to prove whether or not the representation made was false, and in directing a verdict for the plaintiff.

*Judgment reversed and cause remanded.*

The same judgment may be entered in Case No. 986, *Steckel* v. *City View Apartment & Storage Co.*, and in Case No. 987, *Willenbacher, Jr.,* v. *City View Apartment & Storage Co.*, said cases having been disposed of in the same manner in the court below, and, by agreement of parties, tried with the instant case, with the understanding that their disposal in this court should be the same as in the Ziliox case.

FUNK, P. J., and PARDEE, J., concur.